Hon. Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSEPHINA HERNANDEZ GARETE, a/k/a Marina Flores,<br><br>Defendant. | No. CR12-163RAJ<br><br>ORDER DENYING MOTION FOR REDUCTION OF SENTENCE |

## I. INTRODUCTION

This matter comes before the court on Defendant Josephina Hernandez Garete's *pro se* motion requesting a reduction in her sentence under 18 U.S.C. § 3582(c)(2), based on Amendments 782 and 788 to the United States Sentencing Guidelines ("USSG") (Dkt. #51). Plaintiff United States of America opposes the motion (Dkt. #54). The court has thoroughly considered the parties' briefing, the relevant record, and the applicable law. Being fully advised,[1] the court DENIES Ms. Hernandez Garete's motion for the reasons stated below.

## II. BACKGROUND

Defendant Josephina Hernandez Garete was sentenced by this court on March 26, 2013, following her plea of guilty to one count of distribution of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), and one

---

[1] No party has requested it, and the court finds oral argument to be unnecessary.

count of money laundering, in violation of 18 U.S.C. § 1956(a)(3)(B). The Indictment charged and Defendant acknowledged in her Plea Agreement that the offense involved 111.3 grams of actual methamphetamine. At the time Defendant was sentenced, based on this quantity of drugs, Defendant's total offense level was 31, her criminal history category was I, and her applicable sentencing guideline range was 108 to 135 months. However, pursuant to 21 U.S.C. § 841(b)(1)(A), Defendant was subject to a mandatory minimum sentence of ten years (120 months). (*See* Plea Agreement, Dkt. #25 at 2.) Thus, Defendant's actual sentencing range was 120 to 135 months.

### III. DISCUSSION

**A. Legal Standard**

Amendment 782 to the United States Sentencing Guidelines, which became effective November 1, 2014, lowered the penalties for most drug offenses by reducing most base offense levels contained in the USSG § 2D1.1 Drug Quantity Table by two levels, and making other related adjustments to this Guideline. Along with Amendment 782, the Sentencing Commission adopted Amendment 788, which decreed that Amendment 782 may be applied retroactively to lower the sentences of previously sentenced inmates. At issue in the instant motion is whether this court has authority to reduce Defendant's sentence pursuant to 18 U.S.C. § 3582(c)(2).

In order to qualify for a sentence reduction under 18 U.S.C. § 3582(c)(2), two conditions must be met: (1) the Defendant must have been sentenced to a term of imprisonment based on a sentencing range that has been lowered by a retroactively applicable Guidelines amendment; and (2) the sentence reduction sought must be consistent with the Sentencing Commission's applicable policy statements. *United States v. Waters*, 771 F.3d 679, 680 (9th Cir. 2014) (per curiam). A district court does not have jurisdiction to reduce the Defendant's sentence unless both criteria are met. *See United States v. Wesson*, 583 F.3d 728, 730 (9th Cir. 2009).

**B. Defendant's Motion**

Defendant's sentence was a mandatory minimum sentence rather than a sentence based on any section of the Sentencing Guidelines that subsequently has been amended. Sentence reductions are not available to defendants who have been sentenced to the applicable mandatory minimum sentence. As the Ninth Circuit has stated, "[i]t is axiomatic that a statutory minimum sentence is mandatory." *United States v. Sykes,* 658 F.3d 1140, 1146 (9th Cir. 2011).  Section 5G1.1(c)(2) of the Guidelines states that a sentence "may be imposed at any point within the applicable guideline range, provided that the sentence is not less than any statutorily required minimum sentence." USSG §5G1.1(c)(2).  Thus, when a defendant is subject to a mandatory minimum sentence, the sentence is never "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *United States v. Paulk,* 569 F.3d 1094, 1095 (9th Cir. 2009). Therefore, the Defendant does not qualify for a sentence reduction.

## IV.  CONCLUSION

For the above reasons, Defendant Josephina Hernandez Garete's *pro se* Motion to Reduce Sentence (Dkt. #51) is DENIED.

DATED this 8th day of June, 2015.

The Honorable Richard A. Jones
United States District Judge